# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4072-18T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

S.E.,[1]

     Defendant-Appellant,

and

C.H.,

     Defendant.

_____

IN THE KINSHIP MATTER OF
J.E., a minor,

     Respondent.

_____

Submitted October 19, 2020 – Decided October 30, 2020

---

[1] To protect the parties' privacy rights, we use initials. R. 1:38-3(d)(12).

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FL-05-0012-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Victor E. Ramos, Assistant Deputy Public Defender, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Cynthia Phillips, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant S.E. appeals from a February 25, 2019 order, which established kinship legal guardianship as the best permanency plan for defendant's sixteen-year old daughter, J.E. We find no merit to defendant's arguments and affirm substantially for the thorough and detailed reasons expressed in Judge Julio L. Mendez's January 22, 2019 oral decision on the record and his February 7, 2019 written memorandum of decision.

This action commenced in 2015 when J.E. was removed from defendant's care and custody by the Division of Child Protection and Permanency (Division)

for a fourth time since J.E. was born. After an evidentiary hearing held over the course of two non-consecutive days, Judge Mendez approved the Division's plan of kinship legal guardianship with the child's paternal grandparents, finding it was not in the J.E.'s best interests to be reunified with defendant.

The Division's case worker testified defendant's chronic substance abuse, domestic violence history, mental health issues, employment instability, and lack of stable housing prevented reunification with J.E. According to the case worker, the Division referred defendant to various services to address these issues, including psychological evaluations, substance abuse evaluations and treatment, domestic violence counseling, supervised visitation, parenting classes, and drug testing. Defendant's compliance with the Division's efforts was sometimes successful, but her participation was sporadic, and she failed to engage in many of the offered services.

Three separate psychological professionals evaluated defendant, and each concluded J.E.'s best interest would not be served by reunification. Bonding evaluations conducted between J.E. and her paternal grandparents found there was a strong parental bond, and J.E. would be significantly harmed by severing that relationship. On the other hand, the bonding evaluations between defendant

and J.E. concluded the child would suffer no severe and enduring harm if that relationship was ended.

The judge found the Division's expert, Dr. Alan Lee, Psy.D, credible based on his candid responses to questioning during the trial. He further determined Dr. Lee was believable because his testimony was consistent with the documentary evidence. Judge Mendez also interviewed J.E. in camera and concluded J.E. "felt like she was in the middle of this litigation," and was "very cautious not to say anything hurtful during the interview" about her mother or paternal grandparents. In evaluating defendant's testimony, Judge Mendez determined defendant was not credible "due to the lack of consistency in her testimony and her inability to sufficiently support any of the statements she made while testifying."

Judge Mendez found all four prongs of the kinship legal guardianship statute, N.J.S.A. 3B:12A-6(d), were satisfied and awarded custody of J.E. to the paternal grandparents.[2] In accordance with the second prong, based on the expert evidence, the judge concluded defendant's ability to change in the

---

[2] In awarding kinship legal guardianship, the judge determined adoption of J.E. was not feasible or likely. He also considered J.E.'s expressed interest in maintaining a relationship with defendant.

foreseeable future was unlikely. N.J.S.A. 3B:12A-6(d)(2).[3] In analyzing the third prong, Judge Mendez determined the Division exercised reasonable efforts on multiple occasions to reunify J.E. and defendant by providing "vast amounts of supportive services to try to correct the circumstances with led to [J.E.] being removed from [defendant's] custody" but those efforts were unsuccessful. N.J.S.A. 3B:12A-6(d)(3). In assessing the fourth prong, Judge Mendez found kinship legal guardianship was in J.E.'s best interests because defendant lacked the ability to parent the child at the time of the trial and into the foreseeable future and the child was in the care of her loving and supportive paternal grandparents who were unwilling to adopt her. N.J.S.A. 3B:12A-6(d)(4).

Judge Mendez entered a kinship legal guardianship order on February 25, 2019, which allowed defendant visitation with J.E. one weekday night from 2:30 p.m. until 6:00 p.m., or as otherwise agreed upon by defendant, J.E., and the paternal grandparents. The judge noted that the order remains in effect until the child reaches the age of eighteen or when the child is no longer continuously enrolled in high school, whichever event occurs later.

---

[3] On appeal, defendant did not challenge the judge's findings under the first prong of the kinship legal guardianship statute. N.J.S.A. 3B:12A-6(d)(1).

On appeal, defendant contends the evidence did not support the second, third, and fourth prongs of the statute. We disagree.

Defendant did not offer any evidence that reunification with J.E. was in the child's best interests. She failed to do so based on the uncontroverted evidence adduced at the trial.[4] Judge Mendez's detailed findings and credibility determinations are entitled to deference because they are based on substantial credible evidence stemming from the judge's ability to see and hear the witnesses. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014); Cesare v. Cesare, 154 N.J. 394, 412-13 (1998).

We are satisfied that Judge Mendez's decision, awarding kinship legal guardianship of J.E. to the paternal grandparents, is amply supported on this record, which included meticulous and comprehensive reports and opinions offered by the Division's experts. The experts noted the child bonded with her paternal grandparents for the five years she has been in their care and was excelling in school. In addition, the Division provided resources to defendant in an effort to reunify mother and daughter but, sadly, defendant was unsuccessful in achieving the skills necessary to care for her child.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] While defendant testified at trial, she failed to proffer any countervailing expert testimony.

A-4072-18T1

6